**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
William J. Riina, Esq.
Suna Lee, Esq.
**200 Campus Drive**
**Florham Park, NJ 07932**
Tel: (973) 624-0800 Fax: (973) 624-0808
william.riina@wilsonelser.com
suna.lee@wilsonelser.com
**Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK

---------------------------------------------------------- X
ANDREW L. FUSS and JESSICA FUSS, :
: Civil Action No. _____
Plaintiffs, :
:
v. : **NOTICE OF REMOVAL**
:
UBER TECHNOLOGIES, INC., RAISER, LLC, :
OUELEKO KODIA, JOHN DOES 1-10 (fictitious :
designations) and ABC COMPANIES 1-10 :
(fictitious designations), :
:
Defendants. :
---------------------------------------------------------- X

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), Defendants Uber Technologies, Inc. and Rasier, LLC by and through its undersigned attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, on this date have filed this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446 (a), copies of which are attached hereto, and made part hereof respectfully shows:

2386114v.1

1. On August 31, 2017, Plaintiffs Andrew L. Fuss and Jessica Fuss, filed a civil action before the Superior Court of New Jersey, Law Division, Middlesex County, bearing Docket number MID-L-5193-17, entitled *"Andrew L. Fuss and Jessica Fuss v. Uber Technologies, Inc., Raiser, LLC, Oueleko Kodia, John Does 1-10 (fictitious designations) and ABC COMPANIES 1-10 (fictitious designations)."* [See true and exact copy of Complaint, filed August 31, 2017, annexed hereto as Exhibit "A."].

2. Plaintiffs allege personal injuries arising from Defendant Oueleko Kodia's operation of a motor vehicle in which Plaintiff Andrew Fuss was a passenger in West Orange, New Jersey on October 5, 2015. [Exhibit A, ¶ 3].

3. Plaintiffs allege that Defendant Oueleko Kodia negligently owned and operated the motor vehicle so as to cause a collision. *Id.* at ¶ 5.

4. Plaintiffs allege that Defendant Oueleko Kodia was "acting in the course and scope of his employment and/or agency for Defendants Uber Technologies, Inc., Raiser, LLC, and/or ABC Companies 1-10 who negligently entrusted and/or hired the Defendant driver, Oueleko Kodia . . . [u]nder the circumstances hereinabove described, Defendants Uber Technologies, Inc. Rasier, LLC, and/or ABC Companies 1-10 are vicariously responsible and liable for the negligence of Defendant Oueleko Kodia, and for the collisions and injuries which resulted," which Defendants deny. *Id.* at Second Count, ¶ 2.

5. Plaintiffs effected service upon Defendant Uber Technologies, Inc. by personal service of the Summons and Complaint on September 29, 2017. [See true and exact copy of Summons, dated September 28, 2017, annexed hereto as Exhibit "B"].

6. Upon information and belief, Defendant Oueleko Kodia has not been served with the Summons and Complaint. [See true and exact copy of Superior Court Case Document List, dated October 5, 2017, annexed hereto as Exhibit "C"].

7. Defendant Rasier, LLC has not been properly served with the Summons and Complaint.

8. Defendants Uber Technologies, Inc. and Raiser, LLC (hereinafter "Defendants") seek removal of this action pursuant to 28 U.S.C. § 1332 because it arises between citizens of different states and the amount in controversy is in excess of $75,000.

9. Plaintiffs allege that they reside in Rhode Island. [Exhibit A, Complaint, p. 1].

10. At all times material hereto, and continuing to the present, Defendants are corporations organized and existing under the laws of the State of Delaware with principal places of business in San Francisco, California. [Exhibit A, ¶¶ 1-2].

11. Plaintiff's Complaint does not allege that Defendant Oueleko Kodia is a resident of either Rhode Island or New Jersey. The remaining Defendants in Plaintiffs' Complaint are fictitious defendants who have not been identified or served and whose citizenship must be disregarded for purposes of removal. [Exhibit A].

12. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiffs allege that as a result of Defendants' conduct, Plaintiff Andrew Fuss "sustained severe bodily injuries, some or all of which are permanent in nature; has been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which is permanent; has been caused and will be caused great pain and suffering; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries, and, has been caused and will be caused to lose large sums of

2386114v.1

money du to his inability to pursue his usual occupation." [Exhibit A, ¶ 6]. Plaintiff "demands Judgment against Defendants . . . for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest, costs of suit, and such other relief as the Court may deem just." [Exhibit A, ¶ 6; Second Count, ¶ 5; Third Count, ¶ 3]. Based upon said demand for damages, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

13. This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that complete diversity of citizenship exists – no properly joined defendant is a citizen of the same state as plaintiff or resides in New Jersey and involves alleged damages in excess of $75,000.

14. This Notice of Removal is timely filed within thirty (30) days of service of process upon Defendant Uber Technologies pursuant to 28 U.S.C. § 1446(b).

15. No consent is needed from any other Defendant named in this action. The only other named Defendant is Defendant Oueleko Kodia who has not been served. The remaining Defendants in Plaintiffs' Complaint are fictitious defendants who have not been identified or served and whose citizenship must be disregarded for purposes of removal.

16. Defendants do not waive any objections, exceptions, or defenses to Plaintiffs' Complaint or attempted service thereof.

17. Upon filing the within Notice of Removal in the office of the Clerk of the United States District Court for the District of New Jersey, Defendants also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and

2386114v.1

U.S.C. § 1446(b). [A true and exact copy of the Notice filed with the Superior Court of New Jersey is annexed hereto as Exhibit "D"].

WHEREFORE, Defendants Uber Technologies, Inc. and Rasier, LLC pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Middlesex County, be removed therefrom to this Court.

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
        Attorneys for Defendants Uber Technologies Inc. and Raiser, LLC

By:    *s/ William J. Riina*
        William J. Riina
        Suna Lee
        william.riina@wilsonelser.com
        suna.lee@wilsonelser.com

Dated: October 5, 2017

2386114v.1